IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERREL FONTENOT and LENEVA FONTENOT | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1881 |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, | § § § | |
| Defendant. | § § | |

## MEMORANDUM & ORDER

Pending is Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Document No. 18).[1] After carefully considering the motion, response, supplemental responses, and applicable law, the Court concludes as follows.

## I. Background

Plaintiffs Terrel and Leneva Fontenot ("Plaintiffs") purchased a home at 8911 Inwood North Dr., Houston, TX 77008 (the "Property") on or about January 10, 2004.[2] Plaintiffs executed a note in the amount of $112,000 and a Texas Home Equity Security Instrument (the "Deed of Trust"), both in favor of Full Spectrum Lending, Inc.

---

[1] Also pending is Defendant's Motion to Dismiss Plaintiffs' Petition (Document No. 5), which is denied as moot.

[2] Document No. 17 at 1-2 (2d Am. Compl.).

("Full Spectrum").³ Plaintiffs have not made any payments on their loan since June 2008.⁴ On September 30, 2009, the loan servicer sent to Plaintiffs a notice of default stating that "[i]f the default is not cured on or before October 30, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."⁵ Plaintiffs do not allege that they later received from Full Spectrum a separate notice of acceleration of the note or that it initiated foreclosure proceedings. Plaintiffs allege that Full Spectrum assigned the Deed of Trust to Defendant The Bank of New York Mellon f/k/a The Bank of New York ("Defendant") on October 3, 2011.⁶ On October 15, 2013, Defendant applied for a home equity foreclosure order with the Harris County District Court pursuant to Texas Rule of Civil

---

³ Id., exs. 1, 2.

⁴ Document No. 17 ¶ 11; id., ex. 4 ¶ 7.

⁵ Id., ex. 3.

⁶ Document No. 18-2 at 29 of 43.

2

Procedure 736.[7] That court issued a Default Home Equity Foreclosure Order on March 17, 2014.[8]

Plaintiffs filed suit in state court to enjoin the sale, and Defendant removed the case.[9] Plaintiffs' Second Amended Complaint alleges that Defendant is barred by the four-year statute of limitations from foreclosing on the Property, and alleges related claims for quiet title, declaratory judgment, and permanent injunction.[10] Defendant moves to dismiss Plaintiffs' Second Amended Complaint, arguing that Defendant is not barred by limitations because it filed for a foreclosure order within four years after the loan was accelerated.[11]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a

---

[7] Document No. 17, ex. 4. *See also* TEX. R. CIV. P. 735 ("A party seeking to foreclose a lien . . . for a home equity loan . . . may file: (1) a suit seeking judicial foreclosure; (2) a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and TEX. PROP. CODE. § 51.002; or (3) an application under Rule 736 for an order allowing foreclosure.").

[8] Document No. 18-3.

[9] Document No. 1.

[10] Document No. 17.

[11] Document No. 18.

complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. *See* <u>Scheuer v. Rhodes</u>, 94 S. Ct. 1683, 1686 (1974), *abrogated on other grounds by* <u>Harlow v. Fitzgerald</u>, 102 S. Ct. 2727 (1982). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. <u>Id.</u>

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* <u>Lowrey v. Tex. A&M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

III. <u>Analysis</u>

Plaintiffs allege that Defendant's power of sale to foreclose on the Property is barred by the four-year statute of limitations in Section 16.035 of the Texas Civil Practices and Remedies Code, which provides:

> (a) A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues.
>
> (b) A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.
>
> . . .
>
> (d) On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

TEX. CIV. PRAC. & REM. CODE § 16.035. "If a note or deed of trust secured by real property contains an optional acceleration clause," as in this case,[12] "the action accrues only when the holder actually exercises its option to accelerate." <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 566 (Tex. 2001). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." <u>Id.</u>

---

[12] <i>See</i> Document No. 17, ex. 2 ¶ 21.

5

Plaintiffs allege that, based on the language in the September 30, 2009 letter, Defendant "accelerated the loan on October 30, 2009," and because more than four years have passed without the Property being sold at foreclosure, Defendant's power of sale is void under Section 16.035.[13] Plaintiffs take the September 30, 2009 notice of intent to accelerate the loan a month later as the actual accomplishment of an acceleration on October 30, 2009. As observed above, however, Plaintiffs do not allege that Defendant or Defendant's predecessor in interest ever sent a separate notice of acceleration, as required by Holy Cross effectively to exercise the option to accelerate. Plaintiffs thus appear to conflate the two separately required notices. *See* Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232, 233 34 (Tex. 1982) ("Although the cases do not always clearly distinguish between [notices of intent to accelerate and notices of acceleration], both types of notices are required."); *see also* Lega v. PennyMac Loan Trust 2011-NPL1, No. 4:14-CV-1694, 2014 WL 6610872, at *3 (S.D. Tex. Nov. 20, 2014) (Ellison, J.) (denying plaintiff homeowner's motion for summary judgment based on statute of limitations "[b]ecause the summary judgment records contains no evidence that [the bank] properly accelerated the loan by sending both of the required notices"). Hence, in order to succeed on the merits of their claim that Defendant's foreclosure action is time-barred, Plaintiffs

---

[13] Document No. 17 ¶¶ 10-18.

6

ultimately will need to produce evidence that the holder not only gave the already-produced notice of intent to accelerate, but also gave to Plaintiffs the requisite notice of actual acceleration more than four years before a foreclosure sale.

Although Defendant's counsel at the Court's December 5, 2014 scheduling conference clarified that Defendant does not concede that its action accrued October 30, 2009, as alleged by Plaintiffs, Defendant for purposes of this motion to dismiss assumed Plaintiffs were correct and based its arguments on an alternative theory. The Court, therefore, for purposes of this motion, considers this alternative. Defendant argues that Plaintiffs' suit must be dismissed because Defendant "exercised the power of sale" when it "filed its Application for Foreclosure with the District Court of Harris County on October 15, 2013 - more than two weeks before the four-year limitations period ran."[14] This argument addresses only the limitation in subsection (a) of Section 16.035. *See* Slay v. Nationstar Mortgage, L.L.C., No. 2-09-052-CV, 2010 WL 670095, at *3 (Tex. App.-Fort Worth Feb. 25, 2010) ("The plain language of section 16.035(a) does not require that the actual foreclosure occur within the four-year limitation period, but rather, requires only that the party seeking foreclosure 'bring suit ... not later than four years after the day the cause of action accrues.'").[15]

---

[14] Document No. 18 at 6.

[15] The Slay opinion does not address Section 16.035(b).

7

Even assuming that Defendant's application for a foreclosure order under Rule 736 constitutes "bring[ing] suit" under Section 16.035(a), which Plaintiffs dispute, Defendant does not address the additional requirement in Section 16.035(b) that "*[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues.*" TEX. CIV. PRAC. & REM. CODE § 16.035(b) (emphasis added). Defendant sought an expedited foreclosure sale pursuant to the power of sale in the deed of trust,[16] but it is undisputed that the Property in fact was not sold under that power within four years after October 30, 2009. Assuming for purposes of this motion that Defendant's cause of action accrued on that date, Defendant has not complied with the requirement of Section 16.035(b) that the sale take place not later than four years after acceleration, by October 30, 2013, and Defendant cites no authority to explain why its lien and power of sale under this theory are therefore not void under Section 16.035(d).

Accordingly, Defendant has not demonstrated that it is entitled to dismissal of Plaintiffs' statute of limitations claim.

---

[16] *See* Document No. 17, ex. 4 ¶ 10 ("[Defendant] seeks a court order authorizing foreclosure of the lien identified in this application and to sell the Property at public auction pursuant to the Deed of Trust and TEX. PROP. CODE § 51.002."); *see also* TEX. PROP. CODE § 51.002 (procedure for "sale of real property under a power of sale conferred by a deed of trust or other contract lien").

Plaintiffs' claims for quiet title, declaratory judgment, and permanent injunction are derivative of their statute of limitations claim, and Defendant's motion to dismiss these other claims depends on the assumption that Defendant acted within the limitations period.[17] Defendant's Motion to Dismiss is therefore denied as to all of Plaintiffs' claims.

IV. Order

For the foregoing reasons, it is

ORDERED that Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Document No. 18) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 23rd day of December, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[17] See Document No. 18 at 6-7.